UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HERBIE MARTIN,

    Plaintiff,

    v.

CITY OF MILL CREEK, *et al.*,

    Defendants.

NO. C18-0781RSL

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "Defendants' Motion for Summary Judgment Dismissal of Plaintiff's Complaint." Dkt. # 16. Mr. Martin alleges that his application for appointment to the City of Mill Creek City Council was rejected in February 2018 because of his race and/or because he engaged in protected activities in 2015, 2017, and 2018. In his complaint, Mr. Martin cites to statutes and common law causes of action related to discrimination, retaliation, defamation, and intentional interference with business expectancy. Defendants are the City of Mill Creek, the six City Council members who selected another applicant for appointment to the open Council position, and the City Manager who developed the process for interviewing, nominating, and voting on the applicants. They seek dismissal of all of Mr. Martin's claims on the grounds of absolute legislative immunity, lack of evidence of unlawful activity, and the separation of powers doctrine. They argue that some of the claims asserted are subject to dismissal because there is no employer-employee relationship between Council members and any of the defendants, plaintiff failed to file a tort claim before pursing his state

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 1

law causes of action, and the statutory limitations periods have run.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to Mr. Martin, the Court finds as follows:

---

[1] The Court has considered Mr. Martin's separate and untimely "Motion not Dismissal of Civil Action" [sic] as an opposition to defendants' motion for summary judgment.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 2

**A. Legislative Immunity and the Separation of Powers Doctrine**

Defendants argue that they are entitled to absolute legislative immunity from suit (see Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998)), and that the separation of powers doctrine precludes the judiciary from inquiring into their motives in selecting an applicant other than Mr. Martin (see Tenney v. Brandhove, 341 U.S. 367, 377 (1951)). To the extent there is a distinction between the two shields, they both protect legislators from liability for their legislative activities. The question, then, is whether the City Council members were acting in a legislative capacity when they evaluated applications and selected John Steckler for appointment to the open Council position.

"[N]ot all governmental acts by a local legislator, or even a local legislature, are necessarily legislative in nature." Cinevision Corp. v. City of Burbank, 745 F.2d 560, 580 (9th Cir. 1984). Officials seeking absolute immunity have the burden of showing that immunity is justified by the governmental function at issue: acts that are administrative or executive in nature are entitled to lesser protections. Trevino v. Gates, 23 F.3d 1480, 1482 (9th Cir. 1994). "Whether an act is legislative turns on the nature of the act," and the Court cannot rely on allegations (or even fact-finding) regarding the legislators' subjective intent when "resolving the logically prior question of whether their acts were legislative." Bogan, 523 U.S. at 54.

Defendants identify the relevant acts as interviewing applicants, voting until a single candidate obtained majority support, and appointing the successful applicant to the City Council. Dkt. # 16 at 6. Personnel decisions are generally administrative in nature unless they are made in the context of budget legislation which has the impact of creating, eliminating, or redefining municipal positions. Alexander v. Holden, 66 F.3d 62, 65-66 (4th Cir. 1995). See also Almonte v. City of Long Beach, 478 F.3d 100, 107 (2nd Cir. 2007) ("A personnel decision is administrative in nature if it is directed at a particular employee or employees, and is not part of a broader legislative policy."); Smith v. Lomax, 45 F.3d 402, 404 (11th Cir. 1995) (finding that "voting on the appointment of a Board clerk is not the sort of broad 'legislative' activity that is

typically associated with grants of absolute immunity."). The mere fact that defendants engaged in the activity of voting in order to select a new council member does not render their conduct immune from suit or otherwise outside the purview of judicial review. See Cinevision, 745 F.2d at 579 (rejecting argument that "a legislative act is one in which the body votes"). Defendants may be entitled to qualified immunity from liability under § 1983 if their conduct did not violate clearly-established federal rights (Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)), but they have not shown that absolute legislative immunity is appropriate in the circumstances presented here.

**B. Employment-Based Claims**

Local elected officials and appointees on the policy making level are not "employees" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(f), or the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 630(f). Plaintiff cannot, therefore, assert discrimination or retaliation claims under those statutes.

Defendants argue that, although the Americans with Disabilities Act ("ADA") does not expressly exclude elected officials or policy-making appointees from its reach, the Court should look to common law to determine whether a City Council member is "employed" by the City and therefore an "employee." As the Seventh Circuit has noted, the ADA's definition of "employee" as one who is employed by an employer "is vague and circular," necessitating resort to the common law test for determining who is and is not an employee. Bluestein v. Central Wis. Anesthesiology, S.C., 769 F.3d 944, 951 (7th Cir. 2014). The Supreme Court presumes that when Congress uses the term "employee" without adequately defining it, Congress intends "to describe the conventional master-servant relationship as understood by the common-law agency doctrine," with "the common-law element of control [as] the principle guidepost." Clackamas v. Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 445, 448 (2003). Defendants point out, and plaintiff does not dispute, that City Council members are not subject to the control of the City or each other in the performance of their legislative functions. The Court therefore finds that they are not "employed" by the City for purposes of the ADA.

**C. No Evidence of Unlawful Activity**

Defendants assert that "[t]he undisputed evidence demonstrates Plaintiff was afforded a fair and equal opportunity to seek appointment to the vacant seat on the Mill Creek City Council through a legislative process mandated by State law." Dkt. # 16 at 11. Plaintiff alleges, however, that he is African American, that he was qualified for the Council position, and that the Council members, acting in their official capacities, chose a white applicant instead. These allegations are uncontested and, as in the Title VII context, are sufficient to raise a prima facie inference of racial discrimination. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 88 (2nd Cir. 2015). Defendants make no effort to show what legitimate, non-discriminatory considerations prompted their decision not to hire Mr. Martin or to otherwise rebut plaintiff's prima facie case. Defendants' reliance on the process mandated by state law is unavailing where plaintiff's Section 1983 claim is based on the theory that defendants exercised their discretion under that process in a discriminatory manner.

With regards to Rebecca Polizzotto, however, there is no indication that she had any role in the decision-making that plaintiff alleges was discriminatory. As the then-City Manager, Ms. Polizzotto made recommendations regarding the process to be used in selecting an applicant for the open City Council position. Because plaintiff has not challenged the process or otherwise presented facts that could support a claim of discrimination against Ms. Polizzotto, his claims against her will be dismissed.

**D. State Law Tort Claims**

Based on the existing record, it appears that plaintiff failed to file a tort claim with the City of Mill Creek before filing this lawsuit. His failure to comply with the condition precedent set forth in RCW 4.96.020 requires dismissal of the state tort claims. Troxell v. Rainier Pub. Sch. Distr. No. 307, 154 Wn.2d 345 (2005).

**E. Statute of Limitation**

Defendants, relying on a reference to an event that occurred in 2015, argue that one or more unspecified claims are barred by a three-year statute of limitations. This argument is not well-taken. The complaint unambiguously alleges and is based on unlawful conduct occurring in 2018. The reference to a 2015 complaint to the Equal Employment Opportunity Commission is part of plaintiff's retaliation claim: it is one of the protected activities that he believes prompted the 2018 retaliatory failure to hire. There is no limitations problem where plaintiff filed suit within months of the allegedly discriminatory appointment decision.[2]

For all of the foregoing reasons, defendants' motion for summary judgment (Dkt. # 16) and plaintiff's motion opposing dismissal (Dkt. # 22) are GRANTED in part and DENIED in part. Plaintiff's claims under Title VII, the ADEA, the ADA, and state tort law are DISMISSED, as is his Section 1983 claim against defendant Rebecca Polizzotto. Plaintiff's Section 1983 claim against the other defendants may proceed.

Dated this 10th day of April, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Because plaintiff's Title VII claim will be dismissed for the reasons discussed in Section B of this Order, the Court need not determine whether plaintiff's failure to file a charge with the agency precludes his Title VII claim.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 6